UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PAUL MOSELEY, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 3:20-CV-654-DJH ) |
| J.C. PENNEY CORPORATION, INC., | ) ) |
|     Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Paul Moseley ("Moseley" or "Plaintiff"), by counsel, brings this action against Defendant, J.C. Penney Corporation, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.* and the Kentucky Civil Rights Act (KCRA).

**II. PARTIES**

2. Moseley is a resident of Jefferson County in the Commonwealth of Kentucky, who at all times relevant to this action resided within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a foreign corporation that systematically conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C.

§12117.

5. Jurisdiction is conferred on Moseley's state law claims pursuant to 28 U.S.C. §1367 because his state law claims arise from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A) and KRS 344.030(2).

7. Moseley is an "employee" as that term is defined by 42 U.S.C. §12111(4) and KRS 344.030(5).

8. Moseley is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Moseley's disability and/or regarded Moseley as being disabled and/or Moseley had a record of being disabled.

9. Moseley satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Moseley received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. <u>FACTUAL ALLEGATIONS</u>

11.     Moseley was hired by Defendant in or about October 2019 as a Sales Associate at Defendant's retail store located at 4803 Outer Loop Road, Louisville, Kentucky 40219.

12.     Moseley applied and was interviewed for a Sales Associate position as part of a hiring event held by Defendant in or about October 2019.

13.     During the interview process, Moseley disclosed that he had a disability as that termed is defined by the ADA.

14.     Moseley is disabled as he suffers from partial paralysis and diabetes, both of which work to substantially limit him in many major life activities that include, but are not limited to, lifting, standing and walking.

15.     As a result of his disability, it is necessary for Moseley to wear leg braces. If Moseley is standing or walking for too long, the leg braces cause substantial swelling in his feet, making it exceedingly difficult, if not impossible, to remove the braces. As a result, it is crucial for Moseley to take regular breaks so that he can rest his feet for short periods of time.

16.     Moseley also disclosed this information during his interview as he spoke of his disability.

17.     Additionally, during his interview, Moseley described his strengths as related to the Sales Associate position. He suggested several roles, which if placed in, he felt that he would succeed in. In turn, Moseley's success would make him a great addition to the company.

18. Despite Moseley's suggestions and requests to be placed in certain departments which would suit him and accommodate his disability, he was immediately place at the Omni (return) desk.

19. This position required Moseley to do a substantial amount of lifting and standing without allowing for any periods during which he was able to rest his feet. Consequently, his position at the Omni desk was causing a substantial amount of swelling and significant pain.

20. Due to the pain and swelling that he was suffering because of his disability while working at the Omni desk, Moseley contacted Monesha Haynes, Human Resources, as well as Stephanie (last name unknown), Manager to express his concerns that his current position was having a significant impact on his health.

21. As an accommodation, Moseley requested on numerous occasions that he be moved to a different position and/or department that would not require as much lifting or standing as did the Omni desk.

22. Each time that Moseley made such requests, he was denied the accommodation with the reason being that his performance in his position at the Omni desk was exceptional, and that, as Stephanie (last name unknown) informed him, "you are killing it over there, we can't move you."

23. Throughout November, as a result of Defendant's refusal to provide the requested accommodation, the swelling and pain in Moseley's feet continued to grow worse.

24. On or about November 1, 2019, Moseley once again reached out to Haynes

to request that he be moved to another position as an accommodation for his disability. Haynes responded that she would see what she can do; however, Moseley was never moved.

25. On November 25, 2019, Moseley was seen by an Immediate Care Physician after the pain and swelling became unbearable.

26. That Physician put Moseley off of work for 3-4 days to allow for him to heal. Accordingly, Moseley was to be released and available to return to work on Friday, November 29, 2019.

27. It happened that the Thanksgiving holiday fell during the time that Moseley was required to be off from work.

28. Defendant's "policy" required that every employee be available and able to work on Thanksgiving Day, with zero exceptions.

29. Moseley provided the documentation of this medical necessity to Haynes prior to Thanksgiving Day. Upon receiving the documentation, Haynes informed him that per Defendant's "policy," he could be fired for being unable to work on Thanksgiving Day.

30. As Moseley prepared to return to work, he found that he was unable to access his work schedule. After several calls and emails to inquire why he was unable to access his schedule, he was informed by Tim McCain, General Manager, that the Defendant had terminated his employment because he was unable to work on Thanksgiving Day as a direct result of his disability.

31. As a result of the foregoing, Moseley filed Charge of Discrimination No.

474-2018-00347 with the Equal Employment Opportunity Commission ("EEOC") and Human Right's Commission ("HRC") alleging that he was discriminated against based on his disability.

32. After completing the investigation of Moseley's Charge, the EEOC and HRC issued a Notice of Right to Sue dated August 17, 2020.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

33. Moseley hereby incorporates by reference paragraphs one (1) through nineteen (32) as if the same were set forth at length herein.

34. Defendant violated Moseley's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* and the Kentucky Civil Rights Act by refusing to allow a necessary accommodation that would account for his disability and reduce the negative impact that his job related tasks were having on his health.

35. Defendant further violated Moseley's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* and the Kentucky Civil Rights Act by wrongfully terminating his employment when he was unable to work on a specific day that all employees were required to work. This was despite that fact that a Physician required Moseley to remain off of work for a period of time during which that specific date fell.

36. Defendant's actions were intentional, willful and in reckless disregard of Moseley's rights as protected by the ADA and the KCRA, KRS 344.040.

37. Moseley has suffered damages as a result of Defendant's actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Paul Moseley, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Moseley to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Moseley of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA and KCRA;

5. Punitive damages for Defendant's violation of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/ Jennifer C. Smith
Jennifer C. Smith
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
101 N. Seventh Street
Louisville, Kentucky 40202

Telephone: (502) 561-3443  
Facsimile: (812) 424-1005  
Email: jcornellsmith@bdlegal.com  
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Paul Moseley, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

s/ Jennifer C. Smith
Jennifer C. Smith
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
101 N. Seventh Street
Louisville, Kentucky 40202
Telephone: (502) 561-3443
Facsimile: (812) 424-1005
Email: jcornellsmith@bdlegal.com
*Counsel for Plaintiff*